OPINION
This appeal is taken by Defendant-Appellant, Ellen Schwab from the judgment entered by the Court of Common Pleas of Union County declaring the use of her property to be in violation of the Jerome Township Zoning regulations and ordering an injunction preventing further use in such manner.
Schwab is the owner of real property consisting of approximately thirty-two acres located at 10045 Brock Road in Jerome Township, Union County, Ohio. At the time Schwab acquired the property it was undeveloped farmland used for the growing of crops and was zoned for agricultural use. Schwab has continued to use the property for various agricultural activities including the growing of crops, raising of pigs, chicken and other poultry and various horticultural activities.
There are several structures located on Schwab's property including a white concrete block structure, two semi-trailers and a recreational vehicle. The white block structure was constructed between 1990 and 1992. Schwab refers to this structure as a "barn". The "barn" has three floors and contains other items such as a stove, refrigerator, washer, hot and cold running water, a shower, an antique bed, table and chairs and office equipment. Schwab testified that she has entertained guests at the "barn" for dinner and has at times slept at the property.
The first semi-trailer was acquired in 1989. At the time it was acquired, it was used for storing hoses, rakes, calcium for chickens, feed and other agricultural items. The semi-trailer continues to be used predominantly as a place to breed and shelter chickens. The second semi-trailer was acquired in the fall of 1998. This trailer is used to store soybean straw for bedding for the chickens and it also houses quail and pheasant. The trailers have wheels and are movable. Schwab rotates the trailers to different spots on her property in order to combat disease (a concept said to be similar to crop rotation).
Schwab also owns a recreational vehicle. The recreational vehicle stays on the property for various periods of time without being moved. Schwab has testified that she often sleeps in the recreational vehicle when she stays on the property.
Charles K. Brandel, the Jerome Township Zoning Inspector, after several complaints were filed, issued a letter to Schwab informing her that she was in violation of the zoning regulations for the Township. Specifically Brandel noted in the letter that Schwab had committed the following violations:
You need a Zoning Certificate for your house.
Your camper cannot be used as a residence.
 Your semi-trailer is not to be on your property. The semi-trailer needs to be moved.
After Schwab's failure to comply, The Board of Township Trustees, the Appellees, filed a complaint for a declaratory judgment and an injunction against Schwab in the Union County Court of Common Pleas. The Trustees alleged that Schwab was in violation of several regulations including:
 Construction, maintenance and continued use of a dwelling in violation of Jerome Township Zoning Regulation Article IV, Section 400, including but not limited to insufficient square feet per household, no approved sewage disposal system, and construction and occupancy of a dwelling without a zoning permit. Section 1001.
 Installation and continued use of semi-tractor trailers in violation of Jerome Township Zoning Regulation 557.
 Continuous use and maintenance of a recreational vehicle in violation of Jerome Township Zoning Regulation 557.
Schwab filed an answer denying the allegations set forth above and contained within the complaint. The trial was scheduled for March 9, 1999. At the conclusion of the trial, the court entered judgment for the Trustees and ruled that Schwab had violated the Health Code by failing to have a sewage/waste disposal system on the property and that she was not to occupy the property as a residence in either her recreational vehicle or "barn" until a sewage/waste disposal system was installed and until she was in compliance with the Township Zoning Resolution.
Further, the trial court held that the semi-trailers being kept on her property were in violation of the zoning resolution because they qualify as semis not as structures for raising farm animals. The court ordered that the semis be removed from the property within fifteen days from the date of the judgment entry. On appeal from that judgment Schwab asserts the following assignments of error:
 The trial court committed reversible error by allowing Appellee, Board of Township Trustees, Jerome Township (The "Trustees") to prosecute the alleged zoning violations against Appellant Ellen Schwab as the Trustees were not a proper party plaintiff.
 The trial court erroneously concluded that Appellant's use of two (2) semi-tractor trailers on her property violates the Jerome Township Zoning Resolution and is not exempt as an agricultural use.
 The trial court erroneously concluded that Appellant's use of a barn located on the property is not used incident to agricultural use on the property and that appellant is enjoined from occupying the barn overnight.
 The trial court erroneously concluded that Appellant's use of a recreational vehicle on the property is not used incident to agricultural use on the property and that therefore she is enjoined from occupying the recreational vehicle overnight.
 The trial court erroneously concluded that Appellant's use of the property without an approved sewage/waste disposal system is a violation of the Health Department Code and Union County Regulations as there is not a dwelling on the property which requires an approved sewage/waste disposal system.
Initially, Schwab claims that the Board of Township Trustees did not have standing to prosecute Schwab for the alleged zoning violations given the language of the Jerome Township Zoning Resolution § 1022. In opposition the Board argues that Schwab failed to object to the issue of standing at trial and thus any error arising therefrom is waived. Moreover, even should such error not be waived the Board claims they have standing to prosecute the alleged zoning violations under R.C. § 519.24.
The Board's initial claim is that any error regarding standing has been waived since Schwab did not raise the issue at trial. However, the Supreme Court of Ohio and the United States Supreme Court have both held that "the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings." New Boston Coke Corp. v. Tyler
(1987), 32 Ohio St.3d 216, 218, 513 N.E.2d 302, 305; U.S. v.Storer Broadcasting Co. (1956), 351 U.S. 192, 197, 76 S.Ct. 763,767, 100 L.Ed. 1081. Therefore, to the extent that standing to prosecute Schwab was jurisdictional in nature, it is not waived and the only issue remaining is whether or not the Board had standing to prosecute this case against Schwab.
Jerome Township Zoning Resolution § 1022 reads:
 Duties of Zoning Inspector, Board of Zoning Appeals, Governing Body, and Courts on Matters of Appeal. It is the intent of this resolution that all questions of interpretation and enforcement shall be first presented to the zoning inspector, and that such questions shall be presented to the board of zoning appeals only on appeal from the decision of the zoning inspector, and that recourse from the decisions of the board of zoning appeals shall be to the courts as provided by law. It is further the intent of this resolution that the duties of the Board of Township Trustees in connection with this resolution shall not include hearing and deciding questions of interpretation and enforcement that may arise. The procedure for deciding such questions shall be as stated in this section and this resolution. Under this resolution the Board of Township Trustees shall have only the duties of considering and adopting or rejecting the proposed amendments or the repeal of this resolution as provided by law, approving planned unit development projects and of establishing a schedule of fees and charges as stated in Section 1023 of this resolution.
R.C. § 519.24 reads:
 In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violations of sections 519.01 to 519.99, inclusive, of the Revised Code, or any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance or use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute actions brought under this section.
The Section of the Resolution upon which Schwab relies fails to contain any language restricting the Board of Trustees from prosecuting an action to enforce the regulations of Jerome Township. The language of the statute however, confers authority upon the Trustees of the Board to enforce their action in any manner that comports with the law. Moreover, § 1025 of the Jerome Township Zoning Resolution states in pertinent part:
 "Nothing herein contained shall prevent the Township from taking such other lawful action as is necessary to prevent or remedy any violations."
The language contained within § 1025 is open-ended and gives the Board of Trustees authority to enforce the regulations of Jerome Township in any way necessary as long as it comports with the law. The Board of Trustees thus has standing to prosecute this case. No error having been shown Schwab's first assignment of error is overruled.
Schwab's remaining assignments of error allege that the trial court erred in its conclusion that the "barn", the semi-trailers and recreational vehicle are not exempt from regulation by the Zoning Board because they do not qualify as an "agricultural use". Further, it is argued that because the "barn" is not a dwelling and therefore is exempt as an "agricultural use" Schwab is not in violation of the Health Department Code. For convenience and clarity we will address all of the assignments together.
Whether an activity qualifies as an agricultural use or incident to an agricultural use is a question of fact. State v.Huffman (1969), 20 Ohio App.2d 263, 269, 253 N.E.2d 812, 816-17. App. R. 12(C) gives appellate courts the authority to overturn a trial court's finding of fact when the finding is made by the trial court and not by a jury. "However, only when the finding of fact is found to be against the manifest weight of the evidence will an appellate court overturn the finding." Allen Twp. Bd. ofTrustees v. Chasteen (1994), 97 Ohio App.3d 250 citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.
A finding of fact is not against the manifest weight of the evidence if the finding is supported by "some competent, credible evidence." C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. Therefore, if the trial court's findings that the "barn", semi-trailers, and recreational vehicle did not qualify as agricultural uses or incident to agricultural uses are supported by "some competent credible evidence" the findings must be undisturbed. Id.
In order to qualify as an agricultural use or incident to an agricultural use there must be sufficient evidence that the item in controversy is used for agriculture or the structure use must be "directly and immediately related to agricultural use. It must be either usually or naturally and inseparably dependent upon agricultural use." State v. Huffman (1969), 20 Ohio App.2d 263.
The Court of Common Pleas of Union County concluded that Schwab's use of the two semi-trailers was in violation of the Jerome Township Zoning Resolution and was not exempt as an agricultural use. The court found that Schwab's use of the white two-story structure, the "barn", was not a necessary incident to the agricultural use of the property. Finally, inasmuch as the court found Schwab using the recreational vehicle parked on the property for dwelling purposes she was in violation of the Jerome Township Zoning Resolution.
The record before us on appeal amply supports the findings of fact conclusions of law outlined above. Having found competent credible evidence in the record to support the judgment issued by the Court of Common Pleas of Union County, Schwab's remaining assignments of error are overruled and the Judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
 BRYANT, J.
 HADLEY, P.J., and SHAW, J., concur.